(No. 75-CC-0935— )

DAVID COLLINS, Claimant, *v.* STATE OF ILLINOIS,
Respondent.

*Opinion filed September 7, 1978.*

COHN, CARR, KOREIN, KUNIN & BRENNAN, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

HOLDERMAN,J.

Claimant in this cause seeks the sum of $6,512.00 plus costs.

He bases his claim on work and duties allegedly performed for the Illinois Community College as a result of an oral contract of employment consisting of two phases.

He alleges he was hired under an oral contract to work in a liaison position, as a troubleshooter, teacher and administrator under Title 1, G.E.D. program, from November 1, 1972, to June 30, 1973. Originally he alleged he was to receive the sum of $10,000.00, but stated this was later changed to $8,000.00.

Under this contract, he was paid the sum of $1,600.00 leaving a total due of $6,400.00.

Claimant alleges he entered into an oral contract with Respondent to perform similar duties to those described above from 6:00 p.m. to 10:00 p.m. on a daily basis, receiving additional payment at the rate of $7.00 per hour. He claims he is entitled to receive the sum of $112.00 for services performed under this oral contract.

Claimant's testimony is to the effect that these

contracts were entered into during the third week of October, 1972, with Jake Jennings, a member of the Illinois Higher Board of Education, and Mr. Clifton Woods II, Junior College President of State Community College.

He was to work eight hours a day, five days a week at his liaison duties and his salary was to come from the Title 1 program, which was a federal grant, and later he was to be phased through the regular payroll and become a staff member of the State Community College.

He testified he was to begin working on November 1, 1972, and continue until June 30, 1973, working five days a week and eight hours a day as a liaison person. He testified he was told he would be paid when the money came in by Jake Jennings, Clifton Woods II and Curtis Thomas. The money was to come from the federal pay grant and he would be placed on the regular college staff.

In his second job as consultant, he worked from November 1, 1972, until June 30, 1973, according to his testimony, and did not recieve his full pay but was still entitled to 16 hours of pay. He stated he complained about not being paid to Curtis Thomas, Clifton Woods II and Jake Jennings. He stated he received the sum of $300.00 in payment for his consultant job.

Claimant further testified that his financial situation became so critical around the 1st of March, 1973, that he finally went to see President Woods who told him to come back the next morning when he would get some funds. He testified he did go back the next day and signed a contract between Claimant and the State Community College of East St. Louis for payment of $1,300.00 for work beginning from November 1, 1972,

until June 30, 1973. He testified he signed this contract under duress because he had been informed by Mr. William Matlach, fiscal officer for the Junior College Board, that if he did not sign this contract, he was not going to receive any money. Claimant stated he then signed the contract and release form. He testified he continued to work without receiving any pay although he was promised by President Woods that he would be paid in the future when the money came in.

The Respondent's defense is to the effect that Claimant was not properly hired by the Illinois State College Board as shown by exhibits introduced by the defense dealing with the hiring and payment of personnel working for the college. The only contract introduced into evidence was the contract for $1,300.00 which was signed in March, 1973, long after the work had started and months after the alleged oral contract. This contract created an obligation on the part of the Illinois Junior College Board in the amount of $1,300.00, and a cancelled check in that amount which had been paid on March 20, 1973, was introduced into evidence by Respondent showing payment in full.

The issues therefore settle down to a question of whether or not there was a contract and whether or not this contract was properly entered into by the parties.

Dr. Wellman, who testified for Respondent and was Executive Director of the Illinois Community College Board at the time, stated that the State College Board, along with other State agencies, had a limitation of a payment of $500.00 without a written contract. He further testified that all of the employees have written contracts and it was his understanding that this was a requirement of the State statute and was also the practice of the Board. He further testified that small items of less than $100.00 could be purchased but only

in case of emergency. He further stated that the only contract with Claimant was the contract for $1,300.00.

Exhibits introduced by Respondent showed the contract for $1,300.00 was the only one that appeared in any of the minutes of the meetings of the College Board and does show the hiring of Claimant for the sum of $1,300.00. Mr.Wellman testified this was the only contract entered into with the Claimant and there was no one else who had the authority to enter into such a contract as it was a matter that had to be placed before the Board and put in writing. This was not done.

Mr. Wellman further testified that he did know that Claimant had done some work for various community groups but did not know whether or not he had done any teaching at the college.

It therefore appears from the evidence in the record that the only valid contract entered into according to the rules and regulations of the State of Illinois was the one for $1,300.00 for which Claimant has been paid.

Award denied.